### HAND v. SHAW et al.

(City Court of New York, General Term. · April 27, 1896.)

ESTOPPEL—OBJECTIONS TO PAROL EVIDENCE.

A party who gives parol evidence to explain a writing cannot object to similar evidence offered to explain the same writing by the other party.

Appeal from trial term.

Action by Elwood S. Hand against William A. Shaw and others. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal.  Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY, J.

D. J. Newland, for appellants.

Chas. De H. Brower, for respondent.

VAN WYCK, C. J.  The plaintiff sues for $235, which defendants agreed to pay in trade for their advertisement in a book issued by plaintiff.  This contract is in writing signed by defendants, and contains this clause: "This amount [$235 in trade] to be deducted from merchandise to be sold for a proposed new hotel, other than

has been estimated or contracted for at this time, and is not transferable to any account without our consent." The appellants contend that it was error for the court to admit parol evidence to ascertain the intent and meaning of the parties by this clause, and in leaving it to the jury to ascertain from this conflicting evidence what was the agreement in reference thereto. However, it was the defendants who first gave parol evidence in explanation of this clause, and this against plaintiff's objection. The defendants' version of the conversation with plaintiff which induced them to put this clause in the contract is that plaintiff "said there was a large hotel that would be opened soon, and he could influence the placing of that order with us; that the order would amount to as much as the one we had received for the outfit for the Hotel Iroquois, which was over $3,000, and he wanted us to agree to pay $235 in trade after we had got this order." This was contradicted by plaintiff, and he testified that at that time he was negotiating for the purchase of a property in Connecticut which he intended improving with an hotel, and that he said to defendants, after some further consideration of it, that, if his object was realized in regard to the purchase of this property, he intended to erect a small house, and might have use for this trade. The proof is that plaintiff went to defendants' store and selected a lot of china, crockery, and glassware (the articles dealt in by defendants), and received an invoice thereof from them for the same at a fixed price of $241.15, and that he tendered them $6.15 in cash, and demanded delivery of same under his contract for $235 in trade. All of this conflicting testimony was properly submitted to the jury in a well-considered charge.

The appellants, by their counsel's brief, contend that it was error to decline to charge their second request: "That, unless plaintiff has proved that there was such a new hotel at the time he made his demand, the defendants are entitled to a verdict." But, if the jury believed the plaintiff's evidence, it would not be necessary for him to have fully completed an hotel before he had right to demand payment in trade for the defendants' advertisement. Appellants complain of the charge of plaintiff's request at folio 161 as error, "as there is no testimony in the case that at the time the contract was made the parties had in contemplation the proposed hotel at Southport, Conn." But such testimony is in the case, for plaintiff so testifies at folio 140. These are the only two criticisms made in appellants' brief in regard to the charge. The judgment and order are affirmed, with costs.